**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:15 PM April 7, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JANITA ANN HEINBUCH, | ) | CASE NO. 06-60670 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | |

Debtor moved to reopen her case in order to file a certificate of completion of the postpetition financial management course. Her case was closed without discharge in 2009 because the certificate was not filed. No objections to the motion were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1334 and 157 and the court has authority to make final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

## FACTS

Debtor filed a chapter 13 petition on May 2, 2006. Compared to typical cases, Debtor had a lower debt load than many debtors. Her schedules showed one over secured debt, a $40,000.00 mortgage on her house, and approximately $21,000.00 in unsecured debt. Her sole source of income was social security benefits of $1,236.00 per month. Based on this

1

information, it appears Debtor filed a chapter 13 to protect the equity in her residence. At the time, Ohio's homestead exemption statute was not as favorable as it is today.

In order to meet the chapter 7 liquidation value, Debtor had to pay her unsecured debt in full. Her confirmed plan required her to pay $400.00 per month to the chapter 13 trustee for a period of sixty months.

Considering her monthly mortgage payment was $502.00, this plan appeared on a collision course with failure because it left Debtor with only $334.00 per month for all other expenses, including utilities, groceries, medical, transportation, etc. Despite the odds, Debtor completed her plan in less than three years. She was able to do so because creditors holding approximately fifty percent of the debt she owed never filed claims in her case. Consequently, her total payout in this case was $11,053.26.

The chapter 13 trustee filed a Notice of Completion of Plan Payment on February 10, 2009. The notice instructed **"The debtor(s) and counsel are strong advised to review this Court's Administrative Order No. 08-06 in order to ensure compliance with the discharge eligibility requirements applicable to chapter 13 cases."** (emphasis original) That order, which remains in effect today, governs end-of-the-case procedures. In its opening paragraph, it provides: "The debtor in an applicable case is under a duty to be aware of the filing of the "Notice of Completion of Plan Payments by "Debtor(s)" and to act in the appropriate time frames. The Court will not send deficiency notices to remind debtor of their pre-discharge obligations." Specifically regarding the financial management course required under 11 U.S.C. § 1328(g)(1), paragraph two of the order advises that if the debtor fails to file Form 23, the case will not proceed toward entry of discharge but will be closed without discharge.

Debtor's case was closed without discharge on April 1, 2009. A notice that the case was closed without discharge was issued on April 3, 2009. Debtor was served with the notice by first class mail on April 3, 2009. (ECF No. 22)

Nearly a decade after originally filing the case, and approximately seven years after the case was closed without discharge, Debtor seeks leave to reopen the case to file the financial management course certificate. If she succeeds, it will pave the path for entry of a discharge order. The motion alleges Debtor took the course on March 23, 2016. No explanation for the delay is provided. Per the notice of electronic filing, three entities were served with the motion: counsel for Bank of America, debtor's mortgage holder; Debtor's attorney; and the chapter 13 trustee. No objections were filed.

## **DISCUSSION**

When she completed her chapter 13 case in 2009, Debtor failed to file proof that she took a financial management course, resulting in her case being closed without discharge. She now seeks to rectify that lapse and filed a motion to reopen her case for the purpose of filing the financial management course certificate so she can obtain a discharge. Debtor made her request

2

as if there is nothing untoward in seeking this relief seven years late. She offered no explanation for her failure to complete the requirement when her case completed, nor was there an attempt to explain the seven year delay. She cited no bankruptcy code provision, no bankruptcy rule, or any case law in support of her request.

Motions to reopen are governed by 11 U.S.C. § 350(b), which allows a court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." The movant bears the burden of proof. Rosinski v. Boyd (In re Rosinski), 759 F.2d 539 (6th Cir. 1985). A decision to reopen is at the discretion of the court. Id. To make the determination, courts may consider "the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." In re Kapsin, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001) (citing Mendelsohn v. Ozer, 241 B.R. 503, 506 (E.D.N.Y. 1997)). This, in part, requires an understanding of the objectives behind the financial management course requirement.

An expressed purpose of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("Act") was "to improve bankruptcy law and practice by restoring financial responsibility and integrity in the bankruptcy system and ensure that the system is fair for both debtors and creditors." H.R. Rep. No. 109-31(I), at 1 (2005). In furtherance of this goal, the Act contained educational components for debtors, including a requirement that all debtors, "after [filing] for bankruptcy relief, [] receive financial management training that will provide them with guidance about how to manage their finances, so that they can avoid future financial difficulties." Id. at *18. For consumer debtors, passage of the Act premises discharge on completion of a financial management course. 11 U.S.C. §§ 727(a)(11); 1328(g).

For chapter 13 debtors, section 1328(g)(1) specifically provides that "[t]he court shall not grant a discharge under this section to a debtor unless after filing a petition, the debtor has completed an instructional course concerning personal financial management described in section 111." Section 727(a)(11) provides likewise for chapter 7 debtors. Federal Rule of Bankruptcy Procedure 1007 is the procedural complement to these provisions. Under Rule 1007(b)(7)(A), if the course provider does not notify the court the debtor took the course, the debtor is responsible for filing the appropriate form, which is now Official Form 423.[1] This form certifies completion of the financial management course.

Rule 1007(c) discusses the time frames for filing the certificate of completion:

> In a chapter 7 case, the debtor shall file the statement required
> by subdivision (b)(7) within 60 days after the first date set for
> the meeting of creditors under § 341 of the Code, and in a
> chapter 11 or 13 case no later than the date when the last pay-
> ment was made by the debtor as required by the plan or the filing
> of a motion for discharge under § 1141(d)(5)(B) or § 1328(b)
> of the Code. The court may, at any time, at any time and in its
> discretion, enlarge the time to file the statement required by

---
[1] At the time of Debtor's case, the appropriate form was Official Form 23.

3

>      subdivision (b)(7).

In this court, the time frame to file the certificate of completion has been enlarged through Administrative Order 08-06.   Paragraph three of the order provides that "[u]pon the filing of the "Notice of Completion of Plan Payments by Debtor(s)", the docket will be reviewed to determine if Form 23 has been filed."   If the form was filed, the case will proceed toward discharge.   If it was not filed, the case is closed without discharge, which is exactly what happened to Debtor in 2009.

Debtor's amended motion to reopen is an effort to circumvent the time frames set forth in Rule 1007(c) and the court's administrative order.   Extensions of this nature often fall under Bankruptcy Rule 9006(b)'s excusable neglect analysis but this is an exception.   Per Rule 9006(b)(3), the court can enlarge the period "only to the extent and under the conditions stated in Rule 1007(c)," which references a discretionary standard.

The court previously addressed the question of whether a case should be reopened to allow for the belated filing of a financial management certificate, although its previous decrees were in chapter 7 cases that involved much shorter delays and debtors who were not culpable. In re Ayers, Case No. 13-62672 (Bankr. N.D. Ohio 2015); In re Shear, Case No. 13-62566 (Bankr. N.D. Ohio 2015).   On those facts, the court granted the motions to reopen.   In its previous two cases, after briefly looking at existing case law, the court concluded when a motion to reopen is timely filed, cause is generally implicit.   Ayers, Case No. 13-62672 at 2.   Although it did not specify what constitutes timeliness, the court found an eight month delay was untimely. Strictly speaking, if the act is not taken in accordance with the rule, it is untimely.   But if the oversight is quickly rectified, the potential prejudice to creditors is minimized.   The longer the delay, the greater the potential for prejudice.

The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification.   Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course.   Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose.   Moreover, it maligns the integrity of the system and its fairness to all parties.   The court has frequently declared that it "cannot care more than a debtor," meaning a debtor should be the most motivated participant to do what is necessary to see a case to discharge.   It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness.

For these reasons, when a motion to reopen is not timely, the court announced in Ayers and Shear that it will look at each case individually using the four considerations set forth in In re Johnson, 500 B.R. 594, 597 (Bankr. D. Minn. 2013):   (1) whether there is a reasonable explanation for the failure to comply, (2) whether the request was timely, (3) whether fault lies with counsel, and (4) whether creditors are prejudiced.   (citations omitted)   In Johnson, the

Debtors moved to reopen their case four years after it was closed without discharge for failing to file the financial management certificates. The court denied the motion. It was not persuaded of the reasonableness of debtors' explanations that their lives were "hectic" and they lacked home internet service at the time the certificate was due, plus it found the motion was untimely and made only when creditors began to collect on undischarged debt.

The <u>Johnson</u> factors have been employed by other courts, including one addressing a motion to reopen with a similar delay. <u>In re McGuinness</u>, 2015 WL 6395655 (Bankr. D. R.I. 2015). Although the case was a chapter 7 case, the request to reopen was made seven years after closing. The court denied the motion. The debtor failed to convince the court that his medical condition could reasonably explain the failure to timely file the certificate or to request reopening in a timely manner. Debtor did not address any prejudice to creditors and it did not appear that counsel's role was a factor.

The court's task is not difficult on these facts. Clearly, filing the motion seven years after the case closed is untimely, thereby requiring application of the <u>Johnson</u> factors. Debtor did not provide any foundation for her request and therefore cannot meet her burden of proof. There is no evidence persuading the court to exercise its discretion to enlarge the time for filing the financial management certificate Debtor recently obtained. The court will enter an order denying the motion.

On a final note, the court also questions the adequacy of service. Debtor indicated two parties were served:[2] the United States Trustee and the chapter 13 trustee. The entities with the most interest in this action were not notified.

# # #

**Service List:**

Janita Ann Heinbuch
3345 Kinsley Dr NE
Hartville, OH 44632

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

---

[2] Debtor identified two parties from the Electronic Mail Notice List. There are four parties listed (one is Debtor's counsel.) The Notice of Electronic filing shows transmission of the amended motion to three parties: the mortgage creditor, debtor's counsel, and the chapter 13 trustee.

5

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

6